By the Court,
Lane, C. J.
The plaintiff insists, that by the marriage of Davison’s widow to Wolf, in 1828, her estate under the will ceased, and that the land became subject to distribution among the residuary devisees. To sustain this position, it is necessary to give such an interpretation to that instrument, that not only the widow’s estate is determined by the marriage, but that no other estate was interposed by the donor, between it and those who hold the remainder.
The common principles of the construction of wills, requires courts to search for the meaning of a testator, without regard to the 'form he *73 ■adopts to express it, and to give effect to that intention, if consistent with the policy of the law. It is evident here, that the object of the ■testator was to provide for the nurture of his youngest children, by keeping the estate undivided for their benefit, until the youngest became of age. To this end he gave the land to his wife during her ■widowhood, to raise them;, and when her estate should be ended by her death, he directed it to remain undisposed of during their minority, -evidently as a provision for them. Admitting, then, for present purposes, that the estate of the widow was extinguished by her marriage, the specific object of the testator, in providing for the nurture of his younger children, can not be carried into execution, without creating ran estate, in those depending on the contingency of the falling in of the widow’s interest, before the youngest child became of age. Viewed in this aspect, the relations of the devisees were : a conditional freehold for the life of the widow ; a contingent remainder to all the younger children in fee. Whether the contingent estate in the younger children, be at law or in equity, is of no moment in this suit in chancery ; either is equally destructive of the plaintiff’s claim for partition.
Bill dismissed.